UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-00741 VAP (OPx)                            Date:  July 5, 2011

Title:   ANDREW HAAS *v.* ~~EARNHARDT AVONDALE HYUNDAI, INC.; AN ARIZONA CORPORATION; EARNHARDT MANAGEMENT COMPANY; AN ARIZONA BUSINESS ENTITY FORM UNKNOWN;~~ PAG AVONDALE H1 LLC

=================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                None Present
Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR                        ATTORNEYS PRESENT FOR
PLAINTIFFS:                                  DEFENDANTS:

None                                         None

PROCEEDINGS:   ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION (IN CHAMBERS)

   On May 10, 2011, Plaintiff Andrew Haas ("Plaintiff") filed a Complaint alleging negligence against Earnhardt Avondale Hyundai and Earnhardt Management Company.  Plaintiff's Complaint alleges the Court has jurisdiction based on diversity between the parties.  On June 17, 2011, Plaintiff amended his complaint ("First Amended Complaint") adding PAG Avondale H1 LLC as a defendant ("Defendant"), and dropping his claims against Earnhardt Avondale Hyundai and Earnhardt Management Company.  Plaintiff again asserts jurisdiction based on diversity.

MINUTES FORM 11                              Initials of Deputy Clerk ____md____
CIVIL -- GEN                      Page 1

    The Court may exercise jurisdiction based on diversity between the parties. Diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Upon review of the First Amended Complaint, however, the basis for diversity jurisdiction in this case is unclear. Plaintiff has not set forth any factual allegations demonstrating his claim exceeds the $75,000 statutory minimum required for diversity jurisdiction. See 28 U.S.C. § 1332; Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). Thus, Plaintiff has not established the Court has diversity jurisdiction under 28 U.S.C. § 1332.

    As the Complaint does not demonstrate a basis for the Court's jurisdiction, the Court ORDERS Plaintiff to show cause in writing why the action should not be dismissed for lack of diversity jurisdiction. Plaintiff's response is due no later than July 18, 2011. Failure to respond will result in dismissal of Plaintiff's First Amended Complaint.

    **IT IS SO ORDERED.**